UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:17-CV-00377-BR

YAHUDAH WASHITAW OF EAST )
TERRA INDIANS, DAVID HOSKINS, )
KERKLON STACKHOUSE, AND )
SHAWN SINGLETARY, )
)
                Plaintiffs, )
)
      v. )          ORDER
)
PHH MORTGAGE CORPORATION, )
et al., )
)
                Defendants. )

This matter is before the court on various motions.

Plaintiffs, proceeding *pro se*, appear to ask for three remedies: land they once owned be returned to them; land they currently own to be free of any encumbrances; and for an injunction to prevent further interference from creditors. (See Am. Compl., DE # 21, at 10–13.)[1] Some plaintiffs assert they were, or will soon be, wrongfully removed from their property, apparently by some named defendants. (See id. at 10–11.) Others assert that some defendants are wrongfully enforcing mortgage or tax collections against them. (See id. at 11.) Plaintiffs appear to raise two causes of action within these allegations. First, plaintiffs suggest that the United Nations Declaration on the Rights of Indigenous Peoples ("UNDRIP") grants them certain rights,

---

[1] On 25 July 2017, "petitioners" David Hoskins, Shawn Singletary, and Kerklon Stackhouse initiated this action on behalf of themselves and other named individuals and the Yahudah Washitaw of East Terra Indians with the filing a document entitled "Notice of Return to Land Petition of Prohibition Sales and Contract of Lands." (DE # 1.) The court construes this document as a complaint. On 6 September 2017, those same "petitioners" filed a "Notice of Amended Petition Notice of Return to Lands Petition of Prohibition Sales and Contract of Lands," (DE # 21), which the court construes as an amended complaint. In reciting plaintiffs' allegations and the relief they seek, the court cites to the amended complaint, as "an amendmed complaint supersedes the original complaint," Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc., 555 U.S. 438, 456 n.4 (2009) (citation omitted).

and that defendants violated those rights by using unconstitutional foreclosure procedures and enforcing land taxation, amounting to trespass. (See id. at 3–5.) Second, they appear to claim that North Carolina's foreclosure procedures violate their due process rights under the Fourteenth Amendment of the United States Constitution because "a clerk and not an elected judge" presided over their foreclosure proceedings. (Id. at 3.)

On 22 August and 5 September 2017, JPMorgan and Nationstar Mortgage LLC ("Nationstar"), respectively, moved to dismiss plaintiffs' complaint in its entirety. (DE ## 11, 14.) On 6 September 2017, plaintiffs amended their complaint by right, removing Nationstar and adding DKL Investments LLC ("DKL") as a defendant. On 20 September 2017, JPMorgan moved to dismiss plaintiffs' amended complaint for the same reasons as it moved to dismiss their original complaint. (DE # 28.) On 14 November 2017, defendant Caliber Home Loans, Inc. f/k/a CIT Group/Sales Financing, Inc. ("CIT Group") also moved to dismiss plaintiffs' amended complaint for similar reasons. (DE # 40.) Defendants PHH Mortgage Corporation, the State of North Carolina, the United States, and DKL have not made an appearance in the case.

Plaintiffs Shawn Singletary and David Hoskins[2] filed a response in opposition to JPMorgan's motion to dismiss the amended complaint, (DE # 34), to which JPMorgan filed a reply, (DE # 35), and Singletary and Hoskins filed a sur-reply, (DE # 44). On 11 December 2017, Singletary and Hoskins filed a request for an extension of time to respond to CIT Group's motion to dismiss, (DE # 45), along with their response to CIT Group's motion, (DE # 46). The request for an extension of time to file is GRANTED.

The moving defendants contend that plaintiffs have failed to state any claim for relief and therefore request that the court dismiss the amended complaint pursuant to Federal Rule of Civil

---

[2] These two individuals are the only plaintiffs who signed the response.

Procedure 12(b)(6). That rule permits a court to dismiss a complaint that does not "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible on its face if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Legal conclusions and bare assertions devoid of further factual enhancement do not constitute well-pled facts for motion to dismiss purposes. See id. Although the court must liberally construe a pro se plaintiff's pleadings, Erickson v. Pardus, 551 U.S. 89, 94 (2007), it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim, Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011). If the court dismisses a plaintiff's complaint upon a defendant's Rule 12(b)(6) motion and the same legal arguments apply to its claims against remaining defendants, the court may dismiss the complaint in its entirety. See El-Bey v. Fletcher, No. 1:11CV901, 2012 WL 375233, at *2 n.1, 4 (M.D.N.C. Feb. 3, 2012) (order and recommendation) (recommending dismissal of complaint in its entirety when a party unpersuasively responded to arguments for dismissal of claims against moving defendants and those same arguments warranted dismissal of claim against non-moving defendant).

Plaintiffs fail to state either claim they appear to raise. First, plaintiffs are not immune from property taxation or foreclosure as a result of some purported affiliation with the Washitaw. See United States v. $7,000.00 in U.S. Currency, 583 F. Supp. 2d 725, 732–33 (M.D.N.C. 2008) (collecting cases and finding no international treaty granted members of the Washitaw Nation immunity from federal law and criticizing claims "attempt[ing] to benefit from the protections of federal and state law while simultaneously proclaiming their independence from and total lack of

responsibility under those same laws"). Further, courts have consistently held that UNDRIP does not create a federal cause of action. See, e.g., Isaac v. Sigman, Civ. Action No. 16-5345 (FLW) (DEA), 2017 WL 2267264, at *6 (D.N.J. May 24, 2017) (collecting cases). Consequently, to the extent plaintiffs rely on UNDRIP, they do not state a claim upon which relief can be granted.

Plaintiffs' secondary due process argument also fails to state a claim. Plaintiffs allege that having a clerk as opposed to an elected judge preside over North Carolina's foreclosure proceedings violates their Fourteenth Amendment due process rights, but that is the extent of their allegations. They do not explain what an elected judge presiding over the hearing would do differently to offer some better opportunity to be heard. Nor do they plead any other facts related to this claim. More importantly, under North Carolina's foreclosure under power of sale statute, the affected debtor is entitled to notice of the hearing before the clerk; the clerk of court is required to consider evidence of the parties; the clerk's act of authorizing the foreclosure sale is deemed a judicial act; and a party aggrieved by any such act is entitled to appeal *de novo* to the appropriate district or superior court judge. N.C. Gen. Stat. § 45-21.16. The statute "was enacted to meet the [Fourteenth Amendment's] minimum due process requirements of personal notice and a hearing." Fed. Land Bank of Columbia v. Lackey, 380 S.E.2d 538, 539-40 (N.C. App. 1989) (citation omitted), aff'd, 390 S.E.2d 138 (N.C. 1990). Plaintiffs' apparent constitutional claim does not set forth a cognizable claim.

Lastly, plaintiffs request a remedy the court cannot grant. It appears plaintiffs seek an injunction to stop current foreclosure procedures and the enforcement of previous foreclosure judgments. Because foreclosure proceedings are a matter of state law, this federal court cannot grant an injunction against these proceedings unless the injunction is: "(1) expressly authorized

by statute; (2) necessary to aid the court's jurisdiction; or (3) required to protect or effectuate the court's judgments." Denny's, Inc. v. Cake, 364 F.3d 521, 529 (4th Cir. 2004). None of these circumstances are present. See Fabian v. U.S. Bank, NA, No. 7:10-CV-00044-BR, 2010 WL 2510078, at *3 (E.D.N.C. June 17, 2010) ("No exception to the [Anti-Injunction] Act applies, . . . [so] the court is prohibited from enjoining the state foreclosure action."). Furthermore, this court, a federal court, cannot undo the state court's foreclosure judgment. See Smalley v. Shapiro & Burson, LLP, 526 F. App'x 231, 235-37 (4th Cir. 2013). As a result, plaintiffs fail to bring a cognizable claim for relief.

Accordingly, JPMorgan's and CIT Group's motions to dismiss are GRANTED. For the same reasons, plaintiffs fail to state a claim against the remaining defendants. This action is DISMISSED WITH PREJUDICE. JPMorgan's and Nationstar's motions to dismiss the initial complaint are DENIED as moot. The Clerk is DIRECTED to close this case.

This 21 December 2017.

_____
W. Earl Britt
Senior U.S. District Judge